**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED VAN LINES, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **AMICA MUTUAL INSURANCE** | § | |
| **COMPANY, ANDREW POTTER,** | § | |
| **AND KATHERINE POTTER** | § | |
| **Defendants.** | § | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff United Van Lines, LLC ("Plaintiff" or "United"), files its Complaint against

Defendants Amica Mutual Insurance Company, Andrew Potter, and Katherine Potter (collectively,

"Defendants"), and respectfully shows the Court the following:

**I.**

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

2. This Court has federal question jurisdiction over this claim because this action seeks to determine the rights and liabilities of United and Defendants pursuant to a Bill of Lading contract governing the interstate transportation of household goods and personal property and pursuant to 49 U.S.C. § 14706 ("Carmack Amendment"), an act of Congress regulating commerce. Defendants seek remedies directly arising from said statute and call upon the Court to interpret the statute. Defendants also seek remedies which require this Court to interpret the Carmack Amendment and the interstate household goods Bill of Lading contract.

3.      Specifically, the matters complained of herein and the alleged liability of United arises from the interstate carriage of Andrew and Katherine Potter's household goods and personal property from Austin, Texas to Charleston, South Carolina.   The amount in controversy exceeds the minimum threshold required by 28 U.S.C. § 1337 for claims under the Carmack Amendment.

4.      This action presents an actual case and controversy within the jurisdiction of this Court and is therefore authorized pursuant to 28 U.S.C. § 2201.

## II.

## VENUE

5.      Venue is proper in this District as a substantial part of the events or omissions giving rise to the claim occurred in this venue.   28 U.S.C. § 1391(b).   United entered into the Bill of Lading contract with Andrew and Katherine Potter in Travis County, Texas.   United loaded the household goods and personal property in Austin, Texas, and transported the household goods and personal property made the basis of this action from and through Austin, Travis County, Texas in this District and Division, and the interstate transportation of this property is the subject matter of this action.

## III.

## PARTIES

6.      Plaintiff United Van Lines, LLC is a limited liability company whose principal place of business is located at One Premier Dr., Fenton, MO 63026.   United is a motor carrier and is engaged in the performance of interstate carriage for hire by the authority of the Surface Transportation Board (formerly the Interstate Commerce Commission).

7.      Defendant Amica Mutual Insurance Company is a foreign insurance company holding a certificate of authority to transact business in Texas.   Defendant Amica's home office is located at 100 Amica Way, Lincoln, Rhode Island 02865.   Defendant Amica may be served

with process through its registered agent, Robert R. Foss, Jr. at 2150 Town Square Place, Suite 600, Sugar Land, Texas 77479.

8.    Defendant Andrew Potter is a citizen and resident of South Carolina.   Defendant Andrew Potter may be served with process at 275 Molasses Ln., Mount Pleasant, South Carolina, 29464 or wherever found.

9.    Defendant Katherine Potter is a citizen and resident of South Carolina.   Defendant Katherine Potter may be served with process at 275 Molasses Ln., Mount Pleasant, South Carolina, 29464 or wherever found.

## IV.

## BACKGROUND FACTS

10.    On July 9, 2018, Andrew and Katherine Potter entered into a Bill of Lading contract with United to transport their household goods and personal property (the "Goods") from Austin, Texas to Charleston, South Carolina (the "Shipment").   The Bill of Lading contract for the interstate Shipment, along with its applicable Terms and Conditions, is attached to this Complaint as Exhibit 1.   The Bill of Lading contract identifies the customer, consignor, and consignee of the Goods as Defendants Andrew and Katherine Potter (collectively, the "Potter Defendants").   The Goods were scheduled to be picked up in Austin, Texas on July 13, 2018 and delivered in Charleston, South Carolina between July 16, 2018 and July 20, 2018.   The Potter Defendants selected the Full (Replacement) Value Protection liability plan and declared that the total value of the Cargo was $85,000.00.

11.    United picked up the Cargo on July 13, 2018.   On or about July 14, 2018, while in route to South Carolina, the Cargo was destroyed in a trailer fire. United notified the Potter Defendants of the fire and the destruction of the Goods on or about July 18, 2018.   United also

provided the Potter Defendants with claim forms and gave the Potters instructions to attach their inventory to the claim form to support the loss and damage.   United confirmed in writing to the Potter Defendants the $85,000 released rate valuation limit of carrier liability for the shipment on the Bill of Lading contract.   Apart from some photographs and CDs, the Cargo was completely destroyed by the fire and never delivered.

12.     The Potter Defendants did not file a written claim with United to recover for any loss and/or damage to the Cargo.   Instead, the Potter Defendants chose to file a claim with their homeowner's insurance company, Defendant Amica.   Defendant Amica subsequently paid the Potter Defendants for the loss and/or damage to their property.

13.     On June 25, 2019, more than eleven (11) months after the July 14, 2018 fire, Defendant Amica, as the purported subrogee of the Potter Defendants, sent a settlement demand to United, seeking to recover from United the $145,877.45 amount that Defendant Amica paid to the Potter Defendants.   This demand, received by United on June 27, 2019, was the first time that United ever received written notice of a claim resulting from the Cargo loss, which occurred on July 14, 2018.

## V.

## DECLARATORY JUDGMENT

14.     United seeks a declaration from this Court concerning the rights and liabilities of United and Defendants under the Bill of Lading contract and federal law for the alleged loss and/or damage to the Cargo.

15.     Defendant Amica on February 25, 2020, made a revised subrogation demand upon United for loss and/or damage to the Cargo in the amount of $85,000.00 based on the Full Value Protection released value declared by the Potter Defendants on the Bill of Lading contract.

16.    Pursuant to the Bill of Lading contract, its Terms and Conditions, United's tariffs, and applicable federal law, United is not liable to Defendants for any damages because Defendants' claim for loss and/or damage to the Cargo was not timely filed and is thus time-barred. Specifically, Defendants' claim is time-barred because, despite the requirements of the Bill of Lading contract, its Terms and Conditions, United's tariff, and applicable federal law, Defendants failed to timely file a proper written claim with United for any loss, damage, or injury to the Cargo within nine (9) months from the date of the fire destroying the Cargo on July 14, 2018.

17.    Defendants were required to file a written claim with United within nine (9) months after the July 14, 2018, fire.   Thus, Defendants had until April 14, 2019 to timely file a proper written claim with United.   Defendants failed to do so.   As a result, Defendants' claim is time-barred, and United is not liable for any damages for the Cargo loss and damage.

## VI.

## PRAYER AND CONCLUSION

WHEREFORE, United requests that this Court:

a. Declare that Defendants' claim is time-barred because Defendants failed to timely provide proper written notice to United within nine months after the Cargo was destroyed on July 14, 2018;

b. Declare that United is not liable for any damages resulting from the loss and/or damage to the Cargo;

c. Declare United's rights and liabilities under the Bill of Lading as requested herein;

d. Resolve any other questions or controversies that might remain between United and Defendants;

e. Award all costs of this action, including attorneys' fees and court costs, to United;

and

f.  Grant United such other and further relief to which United may show itself to be

justly entitled.


Respectfully submitted,

By:___/s/ Vic H. Henry_____
          Vic H. Henry
          TBA No. 09484250
          vhhenry@hoaf.com

**HENRY ODDO AUSTIN & FLETCHER**
  **A Professional Corporation**
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
Telephone:     (214) 658-1900
Facsimile:     (214) 658-1919

**ATTORNEYS FOR PLAINTIFF**

---